Matthew C. Mickelson (State Bar No. 203867)
LAW OFFICES OF MATTHEW C. MICKELSON
16055 Ventura Blvd., Ste. 1230
Encino, CA 91436
Tel.: 818-382-3360
Fax: 818-382-3364
E-mail: mattmickelson@bizla.rr.com

Attorneys for Plaintiff MARY AKHLAGHPOUR

# UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

## WOODLAND HILLS DIVISION

| | |
|---|---|
| In re<br><br>EDUARD RASHOYAN and YERANUHI BARAKHYAN,<br><br>Debtors. | Case No: 1:10-bk-24225-KT<br><br>Chapter 7<br><br>Adv. No. _____<br><br>**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT**<br><br>(Hearing Date to be Set by Summons) |
| MARY AKHLAGHPOUR,<br><br>Plaintiff,<br><br>vs.<br><br>EDUARD RASHOYAN and YERANUHI BARAKHYAN,<br><br>Defendants. | |

1

COMPLAINT TO DETERMINE NONDISCHAREABILITY OF DEBT

1. This case involves a proceeding to determine the nondischargeability of a debt of Debtors and Defendants Eduard Rashoyan and Yeranuhi Barakhyan, consisting of a judgment in favor of Creditor and Plaintiff Mary Akhlaghpour and against Debtors in the Los Angeles County Superior Court for $16,945.70, entitled *Mary Akhlaghpour v. Eduard Rashoyan and Yeranuhi Barakhyan*, Case No. 09E09102. The Court has jurisdiction to hear this matter pursuant to 11 U.S.C. § 523, which provides for adversary actions to determine nondischargeability of a debt. The bankruptcy court has the power to hear this case as a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). This case relates to *In re Eduard Rashoyan and Yeranuhi Barakhyan*, a voluntary Chapter 7 Petition filed in the United States Bankruptcy Court for the Central District of California, Woodland Hills, Division, Case No. 1:10-bk-24225-KT.

2. Plaintiff Mary Akhlaghpour is, and at all relevant times was, a citizen of California residing in Los Angeles County, California. Defendants Eduard Rashoyan and Yeranuhi Barakhyan are, and at all relevant times were, citizens of California residing in Los Angeles County, California. In September, 2008, Plaintiff lent $20,000 to Defendants. Plaintiff lent the money on Defendants' express and implied statements and agreement that they would pay that money back within seven days. However, Defendants only paid back $5,000 of the loan.

3. At all times when Defendants made their representations that they would pay back the loan, said Defendants and each of them knew that they would never pay back all of the money loaned, or acted in reckless disregard for the falsity of their representations.

4. The suppression of the above-described intention not to pay back the loan in full was likely to mislead Plaintiff and did in fact mislead Plaintiff.

5. The representations and failures to disclose information and suppressions of information by Defendants and each of them were made with the intent and purpose of deceiving Plaintiff and inducing Plaintiff to make the loan.

Case 1:10-ap-01545-VK    Doc 1    Filed 12/20/10    Entered 12/20/10 13:57:31    Desc
Main Document    Page 3 of 8

6. Plaintiff, at the times these suppressions of information occurred, was ignorant of the existence of the facts which Defendants suppressed and failed to disclosed. If Plaintiff had been aware of the existence of the facts not disclosed by Defendants, and each of them, Plaintiff would not have loaned the money to Defendants. Plaintiff justifiably relied upon Defendants' assertions that they would pay the entire loan back within seven days.

7. As a proximate result of the Defendants' fraud and deceit and the facts herein alleged, Plaintiff was induced to and did make the loan to Defendants. Plaintiff has sustained losses due to Defendants' fraudulent conduct; specifically, Plaintiff has not received the $15,000 due and owing, along with interest on that sum and costs incurred in litigation before the Los Angeles County Superior Court, described below.

8. On August 4, 2009, Plaintiff filed a lawsuit against Defendants in the Los Angeles County Superior Court, entitled *Mary Akhlaghpour v. Yeranuhi Barkakhyan and Eduardo Rashoyan a.k.a. Eduard Rashoyan, et al.*, Case No. 09E09102. The Complaint alleged four causes of action for money lent or paid, fraud, negligent misrepresentation and money had and received; specifically, the Complaint alleged that Defendants made false and fraudulent representations to Plaintiff with the intent of deceiving Plaintiff and inducing the making of loans that Defendants never intended to repay, that Plaintiff justifiably relied upon those representations without knowledge of their falsity, and that Plaintiff suffered losses as a result of Defendants fraud. Defendants were properly served with the Complaint.

9. Defendants did not answer the Complaint, and a default judgment of $16,945.70 was entered against them on April 2, 2010.

10. The default judgment against Defendants establishes the fraud cause of action against Defendants, and accordingly the doctrine of collateral estoppel conclusively establishes all of the elements of fraud in this matter.

3
COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT

1. 11.   Because the debt in this matter was incurred by false pretenses, false representation and actual fraud, both as a matter of fact and as a matter of law under the doctrine of collateral estoppel, the Court must deny discharge of the debt pursuant to 11 U.S.C. § 523(a)(2)(A).

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(1)   A judgment that Mary Akhlaghpour's entire claim against Defendants, consisting of $16,945.70, plus interest at the rate of 10 percent per year from April 2, 2010 and recoverable costs of enforcement of judgment, is nondischargeable in Defendants' Chapter 7 proceedings pursuant to 11 U.S.C. § 523(a)(2)(A); and

(2)   Granting Plaintiff any further relief to which she may be entitled.

DATED: December 20, 2010

LAW OFFICES OF
MATTHEW C. MICKELSON


By:_____/s/_____.
MATTHEW C. MICKELSON
Attorney for Plaintiff MARY AKHLAGHPOUR

FORM B104 (08/07)                                                      2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Mary Akhlaghpour | DEFENDANTS<br>Eduard Rashoyan and Yeranuhi Barakhyan |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Matthew C. Mickelson, State Bar No. 203867<br>16055 Ventura Blvd., Ste. 1230, Encino, CA 91436<br>818-382-3360 | ATTORNEYS (If Known)<br>Allen A. Sarkisian, State Bar NO. 228409<br>520 East Broadway, Ste. 203, Glendale, CA 91205<br>818-291-0047 |
| PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for nondischargeability on the grounds of false pretenses, false representation and actual fraud, both as a matter of fact and as a matter of law under the doctrine of collateral estoppel, th pursuant to 11 U.S.C. Section 523(a)(2)(A).

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ N/A |

**Other Relief Sought**
A judgment that Mary Akhlaghpour's entire claim against Defendants, consisting of $16,945.70, plus interest at the rate of 10 percent per year from April 2, 2010 and recoverable costs of enforcement of judgment, is nondischargeable in Defendants' Chapter 7 proceedings pursuant to 11 U.S.C. Section 523(a)(2)(A)

FORM B104 (08/07), page 2                                                      2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| **NAME OF DEBTOR** <br> Eduard Rashoyan and Yeranuhi Barakhyan || **BANKRUPTCY CASE NO.** <br> 1:10-bk-24225 |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California | **DIVISIONAL OFFICE** <br> Woodland Hills | **NAME OF JUDGE** <br> K. Thompson |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** |||
| **DATE** <br> 12/20/10 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Matthew C. Mickelson ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Matthew C. Mickelson, State Bar No. 203867<br>Law Offices of Matthew C. Mickelson<br>16055 Ventura Blvd., Ste. 1230<br>Encino, CA 91436<br>T: 818-382-3360<br>F: 818-382-3364 | |
| *Attorney for Plaintiff* Mary Akhlaghpour | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

In re:
Eduard Rashoyan and Yeranuhi Barakhyan

Debtor.

Mary Akhlaghpour

Plaintiff(s),

vs.

Eduard Rashoyan and Yerahuhi Barakhyan

Defendant(s).

CHAPTER 7

CASE NUMBER 1:10-bk-24225-KT

ADVERSARY NUMBER

*(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*

## SUMMONS AND NOTICE OF STATUS CONFERENCE

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

**Hearing Date:**          **Time:**          **Courtroom:**          **Floor:**

☐ 255 East Temple Street, Los Angeles       ☐ 411 West Fourth Street, Santa Ana

☐ 21041 Burbank Boulevard, Woodland Hills    ☐ 1415 State Street, Santa Barbara

☐ 3420 Twelfth Street, Riverside

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA)

**F 7004-1**

Summons and Notice of Status Conference - *Page 2*    **F 7004-1**

| In re                                  (SHORT TITLE) | CASE NO.: 1:10-bk-24225-KT |
|---|---|
| Eduard Rashoyan and Yeranuhi Barakhyan                       Debtor(s). | |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:


A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:


**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:




☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.




☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.




☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____    _____    _____
*Date*                  *Type Name*              *Signature*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010 (COA-SA)*                                                                    **F 7004-1**